[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff insured the defendant, a trucking company, from 1987 through 1992. For three of the policy years, there was a deductible applicable to third-party claims for property damage. The plaintiff paid claims on these policies and sought reimbursement from the defendant. The defendant itself was a claimant on at least one occasion.
The defense to the total claim of $93,964.28 is that the plaintiff agreed to but failed to eliminate the deductible clause from its policies. It is not claimed that the plaintiff actually made the representation but that they were made by William Matthews of Rick Management Services, Inc. (RMS). CT Page 13255
While the defendant claims RMS was the plaintiff's agent, the plaintiff argues RMS was actually the defendant's agent.
Before discussing the merits of the case it is necessary that the procedural history of the case be set forth.
 I
This case was returnable on October 19, 1993. It came up for a trial to the undersigned as a courtside matter on November 13, 1997. After the plaintiff rested, counsel for the defendant advised the court that it had been unsuccessful in obtaining the presence of Mr. Matthews. Noting that Mr. King, principal of the defendant corporation, and an employee of the defendant were present, the court proposed they testify and a continuance would be considered to address Mr. Matthews' testimony.
Counsel then indicated he did not wish to call these persons until after Mr. Matthews testified. After a discussion and with the plaintiff's concurrence, the court gave he defendant until December 15, 1997 to produce Mr. Matthews or his deposition.
During the week prior to December 15, the court's clerk called defendant's counsel to ascertain the status of things and a further continuance was requested. The court then advised both counsel that the matter would proceed on December 18, 1997 with or without Mr. Matthews.
On December 18, the court was advised by counsel that Mr. Matthews was not present and a further continuance was requested. The request was denied, and counsel then requested a continuance because Mr. King was not available and the employee of the defendant was in New Jersey. This request was also denied and the court reminded counsel it would be out of the country after January 6 so the matter would conclude on December 18.
The defense, having no witnesses to call, requested time to file a brief which request was granted to noon on December 22, virtually on the eve of the Christmas recess.
 II
In view of the defendant's repeated requests for continuances directed at Mr. Matthews absence, the plaintiff has briefed and argued as to his role. CT Page 13256
While the defendant describes him to be the plaintiff's agent, that is not the case. Mr. Harry Horner testified that RMS was an insurance broker which was retained by the defendant to negotiate on its behalf with the plaintiff. This by and of itself would indicate Matthews was the defendant's agent.
However, counsel for the plaintiff has driven a stake into the heart of that defense claim, reciting the statutory definitions of both "insurance agent" and "insurance broker." Section 38a-702 states that while an insurance agent acts as an agent for a carrier, an insurance broker negotiates on behalf of an insured and does not act as an agent for the insurance copy. Counsel cites Lewis v. Michigan Millers Mutual Ins, Co.,1534 Conn. 660, 664 (1967).
In that case the Supreme Court addressed the agent-broker roles:
 "An insurance agent is a person expressly or impliedly authorized to represent an insurance company in its dealings with third persons. Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214, 219 (8th Cir.); 29 Am.Jur. 537, Insurance, 135. An insurance broker is `one who acts as a middleman between the insured and insurer and who solicits insurance from the public under no employment from any special company and who either places an order for insurance with a company selected by the insured, or, in the absence of such selection, with a company the broker selects. . . .'"
The court went on to say that when procuring insurance for a person (as RMS d d for the defendant), a broker becomes the agent of that person for that purpose.
The defendant also quotes extensively from "Insurance Law Practice," 1981, J. Appleman, to further support his position. Two references are of particular significance n this case:
 "An insured is bound by his broker's acts, even though fraudulent, and is charged with such broker's knowledge, and cannot challenge the validity of the contract which the broker makes for CT Page 13257 him. Consequently, a misrepresentation or breach of warranty by such broker is, in law, the act of the insured, and he is chargeable with the consequences thereof."
Appleman, supra, § 8728, pages 348-349.
 "An insured is bound also by the terms of the rider received from his broker. And it would be immaterial that the insured had applied for a different type of policy through such broker, since the broker's act is performed as that of his agent, or he should, at any rate, have examined the policy upon receipt to see that it conforms to his instructions. In law, the mistake of such broker is that of the insurer and is chargeable to him."
Id., page 350.
 III
The plaintiff seeks to recover interest in accordance with § 37-3a of the Connecticut General Statutes. That statute allows interest at 10% per annum to be awarded as damages for retention of money after it becomes payable.
The plaintiff cites in its brief language from a leading case on this subject, Steven v. Pennsylvania General Insurance Co.,224 Conn. 758 (1993). In that case, at page 765, the court set forth the guidelines to assist trial courts:
 "Whether interest should be allowed as an element of damages `is primarily an equitable determination and a matter within the discretion of the trial court.' (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701-702, 590 A.2d 957 (1991). The court's determination should be made `in view of the demands of justice rather than through the application of any arbitrary rule.' (Internal quotation marks omitted.) Id., 702. Whether interest may be awarded depends on whether the money involved is `payable'; General Statutes § 37a-3a; see White Oak Corporation v. Department of Transportation, 217 Conn. 281, 302, 585 A.2d 1199
CT Page 13258 (1991); and `whether the detention of the money is or is not wrongful under the circumstances.' (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Walsh, supra.
In this case, the plaintiff has established it had a clear cut basis to claim reimbursement from the defendant. The defendant has presented no plausible explanation for its failure to pay. Despite the passage of years and the court's indulgence once this case was reached for trial, the defendant has produced no evidence to support its vague claim that the policies in question should have been written without deductible clauses. The defendant had numerous notices of the policy terms, was billed for the various sums resulting from payments, and produced nothing to illustrate its prior disagreement or to support its present position.
In fact, the court considers this so called defense dilatory and frivolous. The conclusion is best illustrated by the testimony of Mr. Horner who pointed out that the policy premiums for the policies the defendant claims to have desired would have been much more expensive.
There is no evidence to support the apparent after-thought that the defendant w somehow frustrated in its attempts to remove the deductible feature from the policies. Modifying a policy is not a difficult process and the evidence apparent in the policies themselves strongly supports the conclusion that the defendant knew how to do so a frequently did so. (See Exhibits A through E, policies.)
Applying its equitable powers, the court finds the demands of justice would be served by an award of interest. In fact, not to do so would make a mockery of the statute and case law treating with this subject.
Conclusion
Judgement may enter for the plaintiff to recover of the defendant the sum $93,964.28 plus interest at the rate of 10% per annum. For this latter determination, the court adopts the plaintiff's schedule of dates and computations, extending them to the date hereof, December 22, 1997, an additional 39 days, for a total of $74,627.81.
Calculation of interest (10% per C.G.S. § 37a-3a): CT Page 13259
(a) $35,952.51 at ten (10%) percent from May 1, 1989 through November 13, 1997: 3156 days @ $9.85000 per day = $31,086.61;
(b) $47,584.07 at ten (10%) percent from April 11, 1990 through November 13, 1997: 2810 days @ $13.03673 per day $36,633.21;
(c) $10,427.70 at ten (10%) percent from May 8, 1991 through November 13, 1997: 2418 days @ $2.856904 per day = $ 6,907.99
$74,627.81
The plaintiff is entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee